J-A33022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PARIS EMMANUEL PAYNE | |
| Appellant | No. 1198 WDA 2015 |

Appeal from the Judgment of Sentence Dated April 20, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016341-2014

BEFORE:  LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED FEBRUARY 14, 2017**

Appellant, Paris Emmanuel Payne, appeals from the judgment of sentence imposed after the trial court convicted him of endangering the welfare of a child (EWOC).[1]  We affirm.

Appellant's conviction was based on an incident involving his fourteen year old daughter, P.Z.  The trial court summarized the incident as follows:

> [Appellant] and [Q.P.] had two children together – [P.Z.] and [P.A.].  [Appellant] has been in and out of their young lives as a result of his incarceration.  In July, 2014, things had progressed to the point that the girls could spend a weekend at their dad's home.  On July 20[th], late in the afternoon, [Appellant] was returning his daughters to their mother's home in a high rise apartment building . . . .  Upon arriving, [P.Z.] got out of the car.  She did not walk into the lobby of the apartment building.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4304(a)(1).

Instead, she headed toward her grandmother's house which was right next door. [P.Z.] hopped the fence separating the parking lot of [her apartment building] and her grandmother's. [Appellant] was yelling. He was upset. He cursed at her. TT, 61. [Appellant] then jumps over the fence. Id. He grabbed [P.Z.] by the neck and lifted her off the ground. [P.Z.] was crying. The mother – [Q.P.] – entered the picture. She was yelling and cussing and demanding [Appellant] to let go of her. He did. Then, he hopped the waist high fence[,] got in his car and left. TT, 62.

Trial Court Opinion, 3/16/16, at 4.

As a result of the incident, Appellant was charged with EWOC, simple assault and harassment. The trial court found Appellant guilty of EWOC, and not guilty of simple assault and harassment. On April 20, 2015, the trial court sentenced Appellant to one year of intermediate punishment with permission to go to work, school, medical appointments, graduation, and job interviews. Appellant filed a timely post-sentence motion which the trial court denied. Appellant filed this timely appeal.

Appellant presents a single issue for our review:

Whether the evidence was insufficient as a matter of law to convict [Appellant] of Endangering Welfare of Children when the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] knowingly violated a duty of care, protection, or support with regard to his daughter because he used profane language in the course of disciplining her?

Appellant's Brief at 4.

We review Appellant's sufficiency claim under the following standard:

The standard we apply ... is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying

the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Schley*, 136 A.3d 511, 519 (Pa. Super. 2016) (citations omitted).

Appellant was convicted of EWOC under 18 Pa.C.S. § 4304(a)(1), which provides that "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."

Appellant argues that the trial court improperly convicted him of EWOC "based ***solely*** on his use of profane language in disciplining" his daughter. Appellant's Brief at 34-35 (emphasis in original). Appellant admitted that as he chased after his daughter, he yelled and told her to "get the F back here." ***See*** N.T., 4/20/15, at 69. Appellant claims "the record demonstrates that the trial court was consumed by and fixated on the 'filthy language' used by" Appellant when he said that. Appellant's Brief at 34. Specifically, Appellant

quotes the trial court's statement that, "I believe that's endangering the welfare of a child when a father asks a little girl, where in the fuck are you going?" *Id.* citing N.T., 4/20/15, at 87. Appellant references his right to freedom of speech, and contends that "although the trial court may have found the language that [Appellant] directed towards his daughter to be entirely distasteful and inappropriate (and rightfully so), he could not be convicted on that basis of Endangering Welfare of Children." *Id.* at 27.

Conversely, the Commonwealth maintains that the evidence was sufficient to support the trial court's conviction of EWOC because, in "directing profane language at his daughter, crossing a fence and pursuing her, and then grabbing her by the neck and lifting her off the ground while yelling and using profane language, Appellant threatened his young daughter's physical and psychological welfare." Commonwealth Brief at 7. Upon review, we agree.

The trial court heard testimony from the Commonwealth's four witnesses: Q.P., P.Z., P.A., and a police officer who responded to a call regarding the incident. The trial court also heard from Appellant, who testified in his defense. Thereafter, the trial court commented at length regarding its factual findings:

> You know, when I look at the case it is a – a part of it is sad to me, because I don't believe that [Appellant] is really a mean spirited person towards his daughters. I believe that – I believe that he was making an effort to re-enter their lives, and I believe he had good intentions by picking up his daughters and having them for the weekend . . .

As a result, I think, of a father not understanding the family dynamics, he didn't even realize that grandmother lived within a stone's throw of where the mother lived; and that the little girl was going to see her mother and her grandmother.

I mean, unfortunately, no one had that conversation, or no one made that phone call. But the little girl believed that's where her mother was, and she was correct. . . .

I do believe [Appellant] is guilty of endangering the welfare of a child, not just by physically accosting her, but I believe the filthy language, where the fuck are you going? I believe that whenever a man talks to his daughter that way, to me, I believe that's endangering the welfare of a child, because of the psychological and emotional effect that this man that hasn't been in my life is confronting me with.

N.T., 4/20/15, at 82, 85-86.

The trial court continued:

Now, I don't know the extent of the choking or [Appellant] picking her up off the ground or throwing her into a car, so I am not finding him guilty of the simple assault. I believe he did grab her, I believe the little girl is telling the truth fundamentally, in terms of what the experience was. She is not the best witness, but her sister corroborates it. . . .

The mother comes out, she corroborates the same story. . . . So I am finding him guilty of endangering the welfare.

*Id.* at 87-88.

With regard to its legal conclusions, the trial court explained:

[Appellant] knew of his duty to protect his child and knew the circumstances that he created may very well threaten her psychological welfare. His crude language **coupled with his following her, leaping over a fence, and physically accosting her was a perfect storm of circumstances**. In addition, we have his post event actions. He does not stick around. He leaves the scene. Showing a consciousness that deep inside, he knew, in this Court's eyes, that the line between parental supervision and a criminal act had been crossed.

Trial Court Opinion, 3/16/16, at 3 (emphasis added).

As indicated by the trial court's explanation, Appellant's EWOC conviction was based on a collection of events that included the speech at issue. The fact that harmful speech was part of the misconduct does not insulate the misconduct from conviction. *See Commonwealth v. Mastrangelo*, 414 A.2d 54, 58 (Pa. 1980) (speech as basis for disorderly conduct conviction), *appeal dismissed*, 449 U.S. 894 (1980); *Commonwealth v. Pringle*, 450 A.2d 103, 105-06 (Pa. Super. 1982) (same). In considering words in the context of criminal conduct, "[t]he circumstances surrounding the words can be crucial, for only against the background of surrounding events can a judgment be made . . ." *Commonwealth v. Hock*, 728 A.2d 943, 946–47 (Pa. 1999).

Here, we are mindful that parents have a responsibility to advance the physical, mental, and emotional health of their children, and extreme acts or grave omissions which adversely affect a child may come within the scope of the EWOC statute. *See Commonwealth v. Ogin*, 540 A.2d 549, 553 (Pa. Super. 1988), *appeal denied*, 557 A.2d 343 (Pa. 1989); *see also Commnwealth v. Lynn*, 114 A.3d 796, 823 (Pa. 2015) (the EWOC statute requires supervision and protection of a child's welfare, and it therefore endeavors to safeguard the emotional, psychological, and physical well-being of a child). Accordingly, the trial court did not err in holding that the totality of Appellant's misconduct, including the speech he used during that misconduct, all combined to provide sufficient evidence for his conviction.

- 6 -

Based on the foregoing, and in reading the entire record in context, we reject Appellant's argument that the trial court convicted him of EWOC based solely on his use of profane language. The record, taken as a whole, supports the trial court's conclusion that Appellant violated his duty of care to his daughter by his overall conduct, which included chasing and physically accosting her and screaming and swearing at her while he did so. Accordingly, we affirm the conviction by the trial court.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017